**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1063

MARVIS ERLINDO MARTINEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  October 26, 2022                    Decided:  November 8, 2022

Before WYNN and HEYTENS, Circuit Judges, and MOTZ, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:**  Arnedo S. Valera, LAW OFFICES OF VALERA & ASSOCIATES P.C., Fairfax, Virginia, for Petitioner.  Brian Boynton, Principal Deputy Assistant Attorney General, John S. Hogan, Assistant Director, Matthew A. Spurlock, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvis Erlindo Martinez, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals ("Board") adopting and affirming the Immigration Judge's ("IJ") decision denying Martinez's application for cancellation of removal under 8 U.S.C. § 1229b(b)(1).  The IJ concluded that Martinez's application failed because he did not establish that his removal to Honduras would result in an exceptional and extremely unusual hardship to his United States citizen son.  We deny the petition for review.

The Attorney General "'*may* cancel removal' of an applicant who meets four statutory criteria:  1) that the applicant has been physically present in the United States for at least ten continuous years, 2) that the applicant had been a person 'of good moral character' during that ten-year period, 3) that the applicant had not committed certain enumerated offenses, and 4) that the applicant 'establishes that removal would result in exceptional and extremely unusual hardship to the [applicant's citizen or lawful permanent resident] spouse, parent, or child[ren].'"  *Gonzalez Galvan v. Garland*, 6 F.4th 552, 557 (4th Cir. 2021) (alterations in original) (quoting 8 U.S.C. § 1229b(b)(1)).

In *Gonzalez Galvan*, we held that the IJ's ruling that an applicant has not met the exceptional and extremely unusual hardship requirement of § 1229b(b)(1) is a mixed question of law and fact that we possess jurisdiction to review under 8 U.S.C. § 1252(a)(2)(D).  *Id.* at 560.  But in performing that review, we may not disturb "the IJ's factual findings related to the hardship determination," and we assess only whether "the IJ erred in holding that [the] evidence failed as a matter of law to satisfy the statutory standard

of exceptional and extremely unusual hardship." *Id.* at 561 (internal quotation marks omitted). Our review of that legal question is de novo. *Id.*

After reviewing the record, we are satisfied that the IJ "applied the correct statutory standard, considered all the evidence, and adequately explained the reasons for his ruling." *Id.* We therefore conclude that the IJ did not commit an error of law in denying Martinez's application for cancellation of removal.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*
